IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,750






ADAM KELLY WARD, Appellant



v.



THE STATE OF TEXAS









ON AGREED MOTION TO DISQUALIFY PETER I. MORGAN, APPELLANT'S
COUNSEL ON DIRECT APPEAL, FROM CAUSE NO. 23,182

IN THE 354TH JUDICIAL DISTRICT COURT

HUNT COUNTY




 Per Curiam. 


O R D E R



 In June 2007, a jury found appellant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set appellant's punishment at death. Approximately
two weeks after appellant was convicted and sentenced to death, the trial judge appointed
Peter Morgan to represent appellant on his direct appeal. Morgan was not on the list of
qualified attorneys the region keeps pursuant to Article 26.052(d)(3). Morgan filed a brief
in this Court on appellant's behalf on August 8, 2008. Ward v. State, No. AP-75,750. At the
time of the filing, Morgan was still not on the list of attorneys qualified to represent on direct
appeal a defendant sentenced to death. 

 On September 12, 2008, appellant's habeas counsel filed in this Court a motion for
leave to file a petition for writ of mandamus, a petition for writ of mandamus, and a motion
to stay the direct appeal proceedings. The basis for these documents was appellant's claim
that his direct appeal attorney was not on the list of qualified counsel, and his further claim
that the trial court had a ministerial duty to appoint counsel from that list. On September 30,
appellant's habeas counsel, appellant's (allegedly unqualified) direct appeal counsel Peter
Morgan, and the State's counsel all filed an agreed motion to "disqualify" Morgan as
relator's direct appeal counsel because he was not qualified to accept the appointment. It is
this motion that is the subject of this order.

 Article 26.052 provides that a local selection committee shall adopt standards for the
qualification of attorneys to be appointed to represent indigent capital defendants at trial and
on direct appeal. It also provides that the committee shall post those standards and a list of
attorneys qualified for appointment in each district clerk's office in the region. Although the
statute does not explicitly state that a trial judge should appoint appellate counsel from the
list created by the committee, that action is clearly the intent of the statute. 

 In his response to appellant's motion for leave to file a petition for writ of mandamus,
the trial judge stated that he believed that Morgan had sufficient courtroom experience in
defending capital murder cases and that he had met the criteria required under Article 26.052. 
The judge also stated that Morgan had informed him that his application was pending before
the selection committee. However, the parties' agreed motion to disqualify Morgan makes
clear that Morgan was not and is not on the list of counsel qualified to represent death penalty
defendants on appeal, nor had he applied to be on the list. Thus, it contradicts the trial
judge's understanding that Morgan had an application pending with the committee. 

 After reviewing all of this information, we are of the opinion that the parties' joint
motion should be granted. Accordingly, we strike the brief currently filed in the case and
order the trial court to appoint within ten days of the date of this order an attorney who is on
the list of qualified counsel to represent appellant on direct appeal and to notify this Court
of that appointment. Newly appointed counsel shall thereafter have ninety (90) days from
the date of appointment to file a direct appeal brief on appellant's behalf in this Court. 

 IT IS SO ORDERED THIS THE 19TH DAY OF NOVEMBER, 2008.


Do Not Publish